UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY D. SIMON,<br><br>　　　　　　　　Plaintiff,<br>v.<br>JAMES DZURENDA, et. al.,<br>　　　　　　　　Defendants. | Case No. 2:21-cv-01172-APG-DJA<br><br>**ORDER DISMISSING CASE** |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Anthony Simon, a former state prisoner. On September 13, 2021, Magistrate Judge Albregts ordered Simon to file his updated address within 30 days. ECF No. 3. The 30-day period has expired, and Simon has not filed his updated address or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for these reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal.  The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  Magistrate Judge Albregts' expressly warned Simon that if he failed to timely comply with the order this case would be subject to dismissal without prejudice. ECF No. 3 at 2. Thus, Simon had adequate warning that dismissal would result from his noncompliance.

I therefore order that this action is dismissed without prejudice based on Simon's failure to file an updated address in compliance with this court's September 13, 2021 order.  If Simon wishes to pursue any of his claims, he must file a complaint in a new action.

/ / / /

/ / / /

I further order the Clerk of Court to enter judgment accordingly and close this case. No other documents shall be filed in this closed case.

DATED THIS 22nd day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE